PATRICK L. RENDÓN, SBN 126227
prendon@lkfirm.com
LAMB AND KAWAKAMI LLP
229 Avenue I, Suite 200
Redondo Beach, California 90277
Telephone: (213) 630-5500
Facsimile: (213) 630-5555

For Plaintiff C & N Imperial Property, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| C & N IMPERIAL PROPERTY, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>IWAI PROPERTIES, a California General Partnership,<br><br>Defendant. | Case No.<br><br>Assigned for All Purposes to:<br><br>**COMPLAINT FOR:**<br><br>1. **COST RECOVERY UNDER THE COMPREHENSIVE ENVIRONMENTAL RESPONSE, COMPENSATION, AND LIABILITY ACT (“CERCLA”), 42 U.S.C. §9607;**<br>2. **DECLARATORY RELIEF UNDER CERCLA, 42 U.S.C. §9613;**<br>3. **COST RECOVERY, INDEMNITY AND CONTRIBUTION UNDER THE HAZARDOUS SUBSTANCE ACCOUNT ACT, CALIFORNIA HEALTH & SAFETY CODE (“HSAA”) §§ 78000, ET SEQ.;**<br>4. **DECLARATORY RELIEF UNDER THE HSAA;**<br>5. **EQUITABLE CONTRIBUTION;**<br>6. **EQUITABLE INDEMNITY** |

Plaintiff C & N Imperial Property, LLC, a California limited liability company ("C & N Imperial Property" or "Plaintiff") by and through this complaint (the "Complaint") against defendant Iwai Properties, a California General Partnership ("Iwai Properties") alleges on information and belief as follows:

## **JURISDICTION**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 42 U.S.C. §§ 6972(a) and 9613(b), and 28 U.S.C. § 1367. This Court has supplemental jurisdiction over the state law claims asserted herein, including those asserted under the Carpenter-Presley-Tanner Hazardous Substance Account Act, California *Health & Safety Code* §§ 78000, *et seq*. (aka the "Hazardous Substance Account Recodification Act" or "HSAA"), pursuant to 28 U.S.C. § 1367(a) because such claims arise from the same "common nucleus of operative facts" as the federal law claims asserted under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 *et seq*.

## **VENUE**

2. Venue is proper in the Central District of California pursuant to 42 U.S.C. §§ 6972(a) and 9613(b), and 28 U.S.C. § 1391(b).

## **PARTIES**

3. Plaintiff is informed and believes and based thereon alleges that Iwai Properties is and was at all relevant times mentioned herein a California general partnership which was located and qualified to do business in the State of California, was and is doing business in the County of Los Angeles, and which owned that certain real property located at 500 S. Western Avenue in Los Angeles, California 90020 (the "Property").

4. Plaintiff is informed and believes and based thereon alleges that C & N Imperial Property is and was a California limited liability company qualified to do business in California and which was and is doing business in Los Angeles County.

## GENERAL ALLEGATIONS

5. Plaintiff is informed and believes and based thereon alleges that Iwai Properties owned and sold the Property to C & N Imperial Property.

6. Plaintiff is informed and believes and based thereon alleges that during the period that Iwai Properties owned the Property, it leased areas where a dry cleaning and other businesses operated and that during the course of those operations and, in turn, during the course of Iwai Properties' ownership during that period, "hazardous substances," "hazardous materials," "hazardous wastes," and/or other "toxic chemicals," as such terms are defined under federal and state law (collectively, "Hazardous Substance" or "Hazardous Substances"), including perchloroethylene ("PCE," also known as tetrachloroethelene) were released at the Property.

7. Plaintiff is informed and believes and based thereon alleges that the existence of Hazardous Substance contamination, including of PCE, has and continues to contaminate the soil, soil vapor, and/or groundwater (the "Contamination") at and under the Property and that the Contamination has migrated and continues to migrate from the Property and/or has the potential of affecting the soils and/or groundwater at and under other properties and, as such, needs to be addressed.

8. Plaintiff is informed and believes and based thereon alleges that the Contamination was caused by various sudden and accidental releases which occurred during the various years that Iwai Properties owned the Property.

9. Plaintiff is informed and believes and based thereon alleges that the Contamination was caused in whole or in part by Iwai Properties' actions, inactions and/or omissions.

10. Plaintiff is informed and believes and based thereon alleges that the Contamination will require the assessment, investigation, monitoring, oversight, removal, treatment, mitigation, remediation, and/or cleanup of the soil, soil vapors, and/or groundwater.

## FIRST CAUSE OF ACTION

**For Response Costs under CERCLA, 42 U.S.C. § 9607**

11. Plaintiff refers to and incorporates by this reference the allegations set forth above in paragraphs 1 through 10, inclusive, and therefore these are fully set forth and incorporated herein.

12. Plaintiff is informed and believes and based thereon alleges that the soil and groundwater at, under and in the vicinity of the Property has been and continues to be contaminated with “Hazardous Substances” as defined by § 101(14) of CERCLA, 42 U.S.C. § 9601(14).

13. Plaintiff is informed and believes and based thereon alleges that releases or threatened releases of Hazardous Substances have occurred and continue to occur within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22) at, under and in the vicinity of the Property and that these continue and that similarly “disposals” as defined by § 107(a) of CERCLA, 42 U.S.C. § 9607(a) have occurred and continue to occur.

14. Plaintiff is informed and believes and based thereon alleges that the Property is a “facility” as defined by § 101(9) of CERCLA, 42 U.S.C. § 9601(9).

15. Plaintiff is informed and believes and based thereon alleges that Iwai Properties is a covered “person” within the meaning of § 107(a) of CERCLA, 42 U.S.C. § 9607(a) because, among other things, it owned the Property at the time that the releases of Hazardous Substances occurred.

16. Plaintiff is informed and believes and based thereon alleges that Iwai Properties is liable for the necessary costs of response and addressing the releases of Contamination alleged in this action because it falls within the definition of “covered persons” as defined by § 107(a) of CERCLA, 42 U.S.C. § 9607(a).

17. Plaintiff is informed and believes and based thereon alleges that it has incurred and will continue to incur response costs which are both necessary and consistent with the National Contingency Plan (“NCP”) and in accordance with

other applicable requirements including under § 107(a)(4)(A) & (B) of CERCLA, 42 U.S.C. § 9607(a)(4)(A) & (B), including costs for testing and investigating the Hazardous Substances and, therefore, Plaintiff is entitled to recover said response costs from Iwai Properties in an amount according to proof established at trial.

**SECOND CAUSE OF ACTION**

**For Declaratory Relief under CERCLA, 42 U.S.C. § 113**

18. Plaintiff refers to and incorporates by this reference the allegations set forth above in paragraphs 1 through 10, inclusive, and 12 through 17, inclusive, and therefore these are fully set forth and incorporated herein.

19. Plaintiff is informed and believes and based thereon alleges that § 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2)(B), provides that in any action for recovery of response costs, the Court shall enter a declaratory judgment on liability for response costs or damages that will be binding in any subsequent or other action to recover response costs or damages.

20. Plaintiff seeks a declaratory judgment pursuant to CERCLA §§ 9607 and 9613(g)(2)(B), 42 U.S.C. § 9607 and 9613(g)(2)(B) in that C & N Imperial Property is informed and believes and based thereon alleges that Iwai Properties disputes and denies that it is liable for the matters alleged in this Complaint and further denies that C & N Imperial Property is entitled to be made whole with respect to any response costs and other damages which C & N Imperial Property has and will incur on account of the Contamination at, under and migrating from the Property.

21. Plaintiff is informed and believes and based thereon alleges that by virtue of the foregoing, an actual controversy exists between C & N Imperial Property and Iwai Properties regarding their respective rights and obligations under CERCLA § 113(g), 42 U.S.C. § 9613(g) and other sections thereunder including CERCLA § 113(f), 42 U.S.C. § 9613(f).

\\\

22. Plaintiff therefore seeks a judicial determination of the rights and duties of C & N Imperial Property and Iwai Properties with respect to the matters alleged in this Complaint.

**THIRD CAUSE OF ACTION**

**For Contribution & Indemnity under California Health & Safety Code §78000, *et seq*.**

23. Plaintiff refers to and incorporates by this reference the allegations set forth above in paragraphs 1 through 10, inclusive, 12 through 17, inclusive, and 19 through 22, inclusive, and therefore these are fully set forth and incorporated herein.

24. Plaintiff is informed and believes and based thereon alleges that §§ 78085 and 78145 of the California *Health & Safety Code* define a person who is liable under the HSAA which is set forth at California *Health & Safety Code* §§ 78000 *et seq*. as one who is a "responsible party" and that such person falls within the meaning of a liable person under CERCLA 42 U.S.C. §§ 9607(a)(1), 9607(a)(2) and 9607(a)(4).

25. Plaintiff is informed and believes and based thereon alleges that the Contamination constitutes a "hazardous substance" as the term is defined in § 78075 of the California *Health & Safety Code* and that this includes "hazardous substances" as defined at 42 U.S.C. § 9602.

26. Plaintiff is informed and believes and based thereon alleges that C & N Imperial Property is entitled to recover from Iwai Properties, as a responsible party, removal and remedial action costs incurred or to be incurred to remove, remedy, and/or otherwise address the releases of Contamination.

27. Plaintiff is informed and believes and based thereon alleges that pursuant to California *Health & Safety Code* § 79670 C & N Imperial Property hereby seeks the recovery, reimbursement, indemnity, and contribution from Iwai Properties for the past, present, and/or future response costs which C & N Imperial Property has incurred and will continue to incur in connection with the

Contamination.

**FOURTH CAUSE OF ACTION**

**For Declaratory Relief under California HSAA**

28. Plaintiff refers to and incorporates by this reference the allegations set forth above in paragraphs 1 through 10, inclusive, 12 through 17, inclusive, 19 through 22, inclusive, and 24 through 27, inclusive, and therefore these are fully set forth and incorporated herein.

29. Plaintiff is informed and believes and based thereon alleges that an actual controversy now exists and will continue to exist between C & N Imperial Property and Iwai Properties in that C & N Imperial Property maintains that Iwai Properties is liable under the HSAA and under other statutory or common law principles.

30. Plaintiff is informed and believes and based thereon alleges that C & N Imperial Property is entitled to a declaratory judgment and relief against Iwai Properties under California *Code of Civil Procedure* § 1060 and under California *Health & Safety Code* § 79760 with respect to the response costs that C & N Imperial Property incurred and will incur along with other damages.

**FIFTH CAUSE OF ACTION**

**For Equitable Contribution**

31. Plaintiff refers to and incorporates by this reference the allegations set forth above in paragraphs 1 through 10, inclusive, 12 through 17, inclusive, 19 through 22, inclusive, 24 through 27, inclusive, and 29 through 30, inclusive, and therefore these are fully set forth and incorporated herein.

32. Plaintiff is informed and believes and based thereon alleges that the wrongful acts and omissions of Iwai Properties directly and proximately resulted in the past release of Contamination and in the ongoing migration of Contamination from the Property, including into the groundwater.

\\\

33. Plaintiff is informed and believes and based thereon alleges that on account thereof C & N Imperial Property is entitled to contribution from Iwai Properties in accordance with equitable principles.

## SIXTH CAUSE OF ACTION

### For Equitable Indemnity

34. Plaintiff refers to and incorporates by this reference the allegations set forth above in paragraphs 1 through 10, inclusive, 12 through 17, inclusive, 19 through 22, inclusive, and 24 through 27, inclusive, 29 through 30, inclusive, and 32 through 33, inclusive, and therefore these are fully set forth and incorporated herein.

35. Plaintiff is informed and believes and based thereon alleges that to the extent it sustains any damages and/or liability as a result of the wrongful acts or omissions of Iwai Properties, C & N Imperial Property is entitled to equitable indemnity from Iwai Properties in accordance with equitable principles.

## PRAYER FOR RELIEF

WHEREFORE, C & N Imperial Property prays for judgment and relief on the above-causes of action against Iwai Properties as follows:

1. On the First Cause of Action for recovery of all response costs incurred by C & N Imperial Property according to proof established at trial;

2. On the Second and Fourth Causes of Action for a judicial declaration of the rights, obligations and concomitant damages and remedies both at law and in equity which C & N Imperial Property is entitled to recover from Iwai Properties according to proof established at trial;

3. On the Third Cause of Action for indemnity and contribution in favor of C & N Imperial Property and against Iwai Properties according to proof established at trial;

4. On the Fifth Cause of Action C & N Imperial Property is entitled to seek equitable contribution from Iwai Properties in accordance with equitable

principles according to proof established at trial;

5. On the Sixth Cause of Action C & N Imperial Property is entitled to seek equitable indemnity from Iwai Properties in accordance with equitable principles according to proof established at trial;

6. For an award of reasonable attorneys' fees and costs to the extent allowed under applicable law;

7. For costs of suit;

8. For interest at the legal rate; and

9. For such other relief as the Court may deem just, equitable, and proper.

Dated: August 25, 2026

LAMB & KAWAKAMI LLP

By: ______________________________

Patrick L. Rendón
Attorneys for Plaintiff
C & N Imperial Property, LLC